CMR

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MCARTHUR FRANK HICKSON,<br>Petitioner, | : |
| v. | : CIVIL NO. 13-1417 |
| WARDEN JOHN KERESTES, et al.,<br>Respondents. | : |

ENTERED
DEC 11 2015
CLERK OF COURT

### ORDER

**AND NOW**, this 11th day of December 2015, upon consideration of the Report and Recommendation ("R & R") of United States Magistrate Judge David R. Strawbridge, and Petitioner's objections thereto, and upon independent review the Petition for Writ of Habeas Corpus and all memoranda and exhibits in support of habeas corpus, the government's response thereto, and Petitioner's reply, and the state court record, it is hereby **ORDERED** that:

1. Petitioner's Objections are **OVERRULED**;[1]

2. The R & R [Doc. No. 13] is **APPROVED** and **ADOPTED**;

---

[1] The Court reads the Petitioner's objections as making two points. First, he argues that the R & R applied the wrong legal standard. Specifically, Petitioner argues that in deciding the §2254 Petition, the Court should apply the same legal standard it would apply in deciding a motion to dismiss, assuming all facts alleged by Petitioner are true and making all inferences in his favor. This is simply not the correct standard of review for a §2254 Petition. Upon careful review, the Court finds that the R & R correctly stated and applied the legal standard for a federal court reviewing a §2254 ineffective assistance of counsel petition which has been adjudicated on the merits in the state courts.

Second, Petitioner argues, generally, that the R & R reached the wrong conclusion regarding his claim for relief. Petitioner raised a single issue in his §2254 petition, asserting that trial counsel was ineffective for failing to object to the trial judge's statements during the plea colloquy, advising him of the potential for a greater sentence if Petitioner went to trial and offering the opinion that Petitioner had been offered a very good deal. Petitioner claims that because trial counsel failed to object to the trial judge's remarks, the judge coerced him into taking a plea deal he would have otherwise rejected. The Court agrees with the thorough and well-reasoned R & R, which found that Petitioner failed to demonstrate what objection trial counsel could have raised, failed to demonstrate that an objection to the trial judge's statements was required for adequate representation under the 6th Amendment, and failed to demonstrate a reasonable likelihood that an objection by trial counsel during the plea colloquy would have caused Petitioner to reject the plea offer and proceed to trial. Thus, the R & R concluded that the state court's rejection of Petitioner's ineffective assistance claim was not contrary to nor an unreasonable interpretation of *Strickland v. Washington*, 466 U.S. 668 (1984). The Court agrees with the analysis and conclusions set forth in the R & R.

2. The Petition for Writ of Habeas Corpus is **DENIED**; and

3. There is no probable cause to issue a certificate of appealablity.

It is further **ORDERED** that:

1. Petitioner's Motion to Amend Petition [Doc. No. 17],[2] which was filed after the R & R and Petitioner's Objections to the R & R were filed, and which raises an entirely new and unexhausted claim and theory of relief, challenging the constitutionality of the sentence imposed pursuant to his guilty plea, is **DENIED** as untimely and procedurally improper;[3]

2. Petitioner's Petition for Stay-Abeyance [Doc. No. 20] so that he may exhaust state court proceedings with regard to an issue not raised in the present §2254 Petition, and which issue is, according to Petitioner, still pending before the Pennsylvania Superior Court, is **DISMISSED** as procedurally improper. Petitioner should consult the Federal Rules of Civil Procedure to determine whether and how he can raise that issue before this Court in a successive §2254 Petition if the state court does not rule in his favor.

The Clerk of Court is **DIRECTED** to mark this case closed for statistical purposes.

It is so **ORDERED**.

BY THE COURT:

*/s/ Cynthia M. Rufe, J.*
CYNTHIA M. RUFE, J.

---

[2] In resolving this Motion, the Court also considered the Government's response [Doc. No. 19], Petitioner's reply, which was entitled "Petition for Rebuttal of the Commonwealth to Show Cause" [Doc. No. 21], and Petitioner's "Petition for Permission to Add to the Order to Show Cause to the Supplement the Petition" [Doc. No. 22], which the Court construed as a supplemental brief in support of his Motion.

[3] *United States v. Thomas*, 221 F.3d 430, 436 (3d Cir. 2000); 42 Pa. C.S.A. § 9545(b).

2